# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### December 7, 2000 Session

## EXXON CORPORATION v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE, ET AL.

### Direct Appeal from the Chancery Court for Davidson County
### No. 99-92695-II     Carol L. McCoy, Chancellor

### No. M2000-00614-COA-R3-CV - Filed January 24, 2001

Holly Kirby Lillard, J., concurring in part and dissenting in part.

I concur in part and dissent in part. I agree with the majority's conclusion that the phrase "on that same location" is not limited to the same building for which the prior beer permit was issued, and thus could include a newly-built structure, as in this case. However, I disagree with the majority's conclusion that "the legislature clearly intended that in this statute 'on that same location' would have the same meaning as 'upon that same property.' " While the phrase "on that same location" indicates that it may refer to a new structure, the new structure must be in the same "location," that is, the same place. To hold that the term "location" in this statute means within the property's boundary lines considerably broadens the grandfather provision, which is intended to confer only a limited exception to the normal requirements for a beer permit.

In this case, the difference may be small, since it involves a relatively small piece of property. In a case involving a larger piece of property, the difference may be considerable. The obvious reason for the grandfather provision is to ensure that the situation with respect to neighboring landowners is at least no worse that it was when the statute became effective in 1993. If "location"

means within the boundaries of the property lines, a neighboring landowner could end up much closer to the business which is selling beer. For example, if the property encompassed several acres and one end of the property was adjacent to a school, the property owner could demolish an existing, grandfathered business on the end of the property farthest away from the school, and erect a new, grandfathered structure next to the school. This cannot be the result intended by the legislature.

If the term "location" is deemed to mean the same "place," this need not be applied in a rigid or hypertechnical manner. I would hold that, under the statute, the new building must be built in the same place, for purposes that would be meaningful in the context of a beer permit statute. Thus, if the rear corner of the new building is four feet closer to the day care than was the old building, this would be a new building "on that same location" as the old building. On the other hand, if the new building is considerably larger and most of it is located much closer to the day care, this makes it more likely that the neighboring day care would suffer increased adverse effects from the flow of customers purchasing beer. The parties in this case dispute whether the new building was built in the same place as the prior building, noting that a portion of the new building is closer to a neighboring day care. In this case, I would reverse, but remand the case for a factual determination by the trial court of whether the new building is "on that same location" as the prior building, that is, in the same place, within the context of the grandfather exception to the beer permit requirements.

_____

HOLLY K. LILLARD, JUDGE

-2-